# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARIMA K. ALI and BRAWLEY INSURANCE SERVICES, INC., <br><br>　　　　　　Plaintiff <br><br>　　　v. <br><br>INTEGRATED BENEFITS, *et. al.*, <br><br>　　　　　　Defendant. | 1:11cv1889 LJO-BAM <br><br>**FINDINGS AND RECOMMENDATION TO DISMISS THIS ACTION FOR A FAILURE TO OBEY A COURT ORDER** |

Plaintiff is proceeding *pro se* individually and as the representative of Plaintiff Brawley Insurance Services, Inc., a corporation. (Doc. 1). On January 11, 2012, this Court issued an Order to Show Cause for multiple defects in the complaint. (Doc. 5). Plaintiff was warned that under Local Rule 183, a corporation or entity may appear in federal court only through licensed counsel. (Doc. 5); Local Rule 183. Plaintiff was also directed to update her current mailing address as correspondence mailed to her from the court was returned as undeliverable. The Court ordered Plaintiff to show cause in writing, by February 8, 2012, why this action should not be dismissed for failure to comply with local rules. (Doc. 5). The February 8, 2012 deadline has expired, and Plaintiff has failed to respond to the order to show cause.

Plaintiff has not responded to the Court's order, and therefore, dismissal of this action is appropriate. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006); Local Rule 110. Local Rule 110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have

the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g. Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules). In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal, as this case has been pending with no action and no response from Plaintiff since November 14, 2011. Plaintiff has failed to respond to the court's order and appears to have abandoned the case. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that her failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik v. Bonzelet*, 963 F.2d at 1262; *Malone*, 833 at 132-33; *Henderson*, 779 F.2d at 1424. The court's order requiring plaintiff to show cause why

1 Brawley Insurance Services should not be dismissed for failure to be represented by an attorney; and
2 show cause why this action should not be dismissed for failure to provide a current mailing address
3 expressly stated: "Failure to comply with this order will result in an order dismissing this complaint."
4 Thus, plaintiff had adequate warning that dismissal would result from her noncompliance with the
5 court's order.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed based on Plaintiff's failure to obey the court's order of January 11, 2012.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fifteen (15) days after being served with these Findings and Recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 16, 2012**            **/s/ Barbara A. McAuliffe**
                                          UNITED STATES MAGISTRATE JUDGE